IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EZRA JONES                                                                                                                                    PLAINTIFF

V.                                       Civil No. 4:14-cv-04056

WARDEN BRAZELL; and
SHERIFF RON STOVALL                                                                        DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Ezra Jones filed this civil rights case pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

      Currently before me is Plaintiff's Complaint and request for injunctive relief. After thorough consideration, the undersigned issues the following Report and Recommendation.

**1.    BACKGROUND**

      Plaintiff filed his original Complaint in this matter on April 7, 2014. At the time of filing his Complaint, Plaintiff was incarcerated in the Miller County Detention Center ("MCDC"). In June 2014, Plaintiff notified the Court that he was transferred to the Arkansas Department of Correction Tucker Unit, in Tucker, Arkansas ("ADC"). This remains Plaintiff's address of record.

      In his Complaint, Plaintiff claims that the new "post card only" policy of the MCDC, will violate his constitutional rights if implemented. At the time Plaintiff filed his Complaint the "post card only" policy had not yet taken effect. Plaintiff also attached to his Complaint a Memorandum, dated March 12, 2014, from Warden Brazell:

> Effective April 15, 2014, all incoming mail to the Miller county Detention Center will be <u>POST CARDS ONLY</u>. Post cards will need to be 3 ½ x 5 or 4 x 6 sizes only. Anything else will be rejected and returned to sender. This date will allow sufficient time for all inmates to advise family of the change. We will also announce this change via the newspaper, as well as a memorandum posted during visitation for the next 30 day cycle. This change WILL NOT affect LEGAL MAIL.

ECF No. 1, p. 10 (emphasis in original). As the Policy had not yet taken effect when Plaintiff filed his Complaint, Plaintiff does not allege any actual violation of his constitutional rights. Instead, Plaintiff solely seeks injunctive relief from the Court by requesting the Court prevent the implementation of the "post card only" policy.

**2. DISCUSSION**

Here, Plaintiff did not allege his constitutional rights were violated. Instead, Plaintiff only sought injunctive relief to preempt any possible violation by the implementation of the MCDC's post card only policy. Since moving for this injunctive relief, Plaintiff has been transferred out of the MCDC and is no longer subject to any mail policies of the MCDC.

Plaintiff's transfer from the MCDC to the ADC rendered his Complaint and request for injunctive relief moot. *See Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (holding an inmate's First Amendment claims regarding denial of items to perform religious practices moot once he was transferred from one state penitentiary facility to another state penitentiary facility). *See also Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) (holding an inmates claims regarding prison conditions were moot once the inmate was transferred and no longer subject to those conditions). Therefore, Plaintiff's Complaint should be dismissed as moot. *See Church of Scientology v. United States,* 506 U.S. 9, 12 (1992) (A federal court has no authority to issue opinions on moot questions of law).

3.     **CONCLUSION**

Accordingly, I recommend Plaintiff's Complaint be **DISMISSED** as moot and Plaintiff's Motion for Injunction (ECF No. 6) and Defendants' Motion to Dismiss (ECF No. 7) be terminated.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **5th day of February 2014**.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE